GEORGE S. ALLMON, d. b. a., *vs.* CROOKS AND COMPANY, INC., for the use of JOHN T. McWHARTER, p. b. r.

LICENSES—FAILURE TO OBTAIN—EFFECT ON CONTRACT—STATUTE.

In Delaware, a contract cannot be enforced by a party who has failed to obtain a license to do business or carry on an occupation, as required by the statute of the state, if such defense is pleaded.

(*January* 20, 1916.)

Judges CONRAD and HEISEL sitting.
*Robert G. Harman* for appellant.
*Walter J. Willis* for respondent.
Superior Court, New Castle County, January Term, 1916.

APPEAL by defendant from a Justice of the Peace, No. 111, November Term, 1915.

Appeal by George S. Allmon from a judgment rendered against him by a justice of the peace in favor of Crooks and Co., Incorporated, for the use of John T. McWharter.

The plaintiff below declared in assumpsit on a special contract and also on the common counts. The defendant below filed the usual pleas, and a special plea, the substance of which was that:

at the time of the making of the alleged contract with the plaintiff below, in the month,    *  *  *   and at and during the time the alleged work was done by the plaintiff below,   *  *  *   the said plaintiff below was

engaged in the business of plumbing in the City of Wilmington, Delaware, and in the production, manufacture or furnishing of goods, wares and merchandise used in the trade and business of plumbing, and had not applied for, paid for or received a state license from the State of Delaware　＊　＊　＊　for the carrying on of its business as plumber or plumbing,　＊　＊　＊　as ＊　＊　＊　it was required so to do by virtue of the laws of the State of Delaware.　＊　＊　＊

The plaintiff below filed a general demurrer to the special plea, relying upon *Model Heating Co. v. Magarity*, 2 *Boyce*, 459, 81 *Atl.* 394, *L. R. A.* 1915*B*, 665; *Strout & Co. v. Howell*, 4 *Boyce* 31, 85 *Atl.* 666; *In re Bunch Co.* (*D. C.*) 180 *Fed.* 527; 25 *Cyc.* 633; 1 *Elliott on Contr.* § 267; *Auson on Cont.* 226; *Larned v. Anderson*, 106 *Mass.* 436, 8 *Am. Rep.* 346; *Aiken v. Blaisdell*, 41 *Vt.* 655.

In support of the plea, counsel for defendant below relied upon *Adams' Adm'r v. Stewart*, 5 *Harr.* 144; *Reeder v. Jones*, 6 *Penn.* 66, 65 *Atl.* 571; *Strout Co. v. Howell, supra; Model Heating Co. v. Magarity, supra; Cook v. Pierce*, 2 *Houst.* 499; *Gregory v. Bailey*, 4 *Harr.* 256; 25 *Cyc.* 633.

Demurrer overruled.

CONRAD, J., delivering the opinion of the court.

The defendant's plea in this case alleges that plaintiff is not entitled to recover because, at the time of performing the services and furnishing the materials for which the suit is brought, the plaintiff had failed to obtain a license for carrying on the business or occupation of a plumber, as provided by the statute of this state. To this plea the plaintiff demurs.

The court is clearly of opinion that the case of *Strout v. Howell*, 4 *Boyce* 31, 85 *Atl.* 666, decided by the Supreme Court of this state in 1913, conclusively settles the law in the pending case. The *Model Heating Company case* turned upon another principle and can readily be reconciled with the *Strout-Howell case*.

We are fully satisfied, and so decide, that in Delaware a contract cannot be enforced by a party who has failed to obtain a license to do business, or carry on an occupation as provided by the statute of the state, if that defense is pleaded.

The demurrer is overruled.